**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHAN ALAN WEBB,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:17-cv-01054-EPG<br><br>ORDER GRANTING IN PART PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 24) |

On April 27, 2020, counsel for Plaintiff, Monica Perales, filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 24.) Plaintiff and Defendant were served with a copy of the motion. (*Id.* at 14.) Plaintiff has not filed an objection or other response to the motion. Defendant has not filed an objection to the motion but has filed a joint supplemental brief as directed by the Court.

For the reasons set forth below, the motion for an award of attorney's fees is GRANTED IN PART in the amount of $20,382.

**I. BACKGROUND**

On August 4, 2017, Plaintiff initiating the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (ECF No. 1.) On July 2, 2018, upon stipulation by the parties, the Court entered an order remanding the case to the agency for further proceedings. (ECF No. 20.) On July 5, 2018,

judgment was entered in accordance with the Court's order. (ECF No. 21.) On remand, the Commissioner awarded benefits to Plaintiff. (ECF No. 24-2 at 6-12.) On October 3, 2018, the parties filed a stipulation for an award of attorney fees under EAJA (ECF No. 22), and on October 4, 2018, the Court entered an order on the stipulation, awarding EAJA attorney fees and expenses in the amount of $4,400. (ECF No. 23).

In a notice dated August 31, 2019, the Commissioner states that Plaintiff became disabled on February 19, 2013, and provides the following information about past-due benefits:

> When a lawyer wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $23,632.88 from your past due benefits in case we need to pay your lawyer.

(ECF No. 24-4 at 5.) This notice does not, however, provide a statement of the total amount of past due benefits awarded to Plaintiff.

In a notice dated April 7, 2020, the Commissioner states: "We are withholding the amount of $20,382.25 which represents the balance of 25 percent of the past-due benefits for NATHAN A. WEBB SR and family in anticipation of direct payment of an authorized attorney's fee." (ECF No. 24-4 at 1.) Again, this notice does not include a statement of the total amount of past due benefits awarded to Plaintiff.

On April 27, 2020, Plaintiff's counsel filed a 42 U.S.C. § 406(b) motion for attorney fees, which is currently pending before the Court. (ECF No. 24.) In this motion, Plaintiff's counsel sought an order awarding attorney's fees in the amount of $20,382. Plaintiff's counsel indicated in the motion that a total of "approximately $94,528.00 in retroactive benefits" was awarded to Plaintiff, and that $23,632.88 was withheld by the Commission. (ECF No. 24 at 3.) Plaintiff also stated at one point in the motion that the Court should require that counsel reimburse Plaintiff the amount of $4,400 for EAJA fees previously paid by the Commissioner. (*Id.* at 1.) However, the motion also indicates that the Court should not order reimbursement of the $4,400 EAJA fee award, because it was paid directly to Plaintiff and not to his counsel and that Plaintiff's counsel never received the $4,400 EAJA award. (*Id.* at 10, 11, 12.)

Because the documents provided to the Court in support of the motion for 406(b) fees did

not include a clear statement from the Commissioner regarding the total amount of past due benefits awarded to Plaintiff, and because it was not clear what Plaintiff's counsel was seeking regarding the EAJA fees previously awarded, the Court directed the parties to file supplemental briefing addressing the total amount of past due benefits awarded to Plaintiff, and explaining whether Plaintiff's counsel or firm received the previously awarded EAJA fees and whether an EAJA offset was requested or needed. (ECF No. 26.)

On August 17, 2020, the parties filed a joint supplemental brief. (ECF No. 30.) The supplemental brief was served on Plaintiff. (*See* ECF No. 30-3 at 2.)

In the supplemental brief, the parties have demonstrated that the total past due benefits awarded to Plaintiff is $94,531. (ECF No. 30 at 2-3; ECF No. 30-1 at 2.) In addition, past due benefits were awarded to Plaintiff's three children in the amounts of $18,863, $16,711, and $10,287, for a total award to the children of $45,861. (*Ibid.*)

In the supplemental briefing, Plaintiff's counsel has also revised her request for § 406(b) attorney's fees, increasing her request from $20,382 to $35,098, which is 25% of past due benefits awarded to Plaintiff plus 25% of the past due benefits awarded to Plaintiff's children.

As to the $4,400 in EAJA fees previously awarded, the parties have clarified that these fees were released directly to the Plaintiff in error, that Plaintiff received those funds and apparently retained them, and that Plaintiff's counsel and firm never received the EAJA attorney's fees ordered by the Court. (ECF No. 30-2 at 2.)

**II. DISCUSSION**

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

3

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) attorney fees award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-

contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing, LLP, which is signed by Plaintiff and counsel, provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the [EAJA] and such amount shall credit to the client for fees otherwise payable for court work.

(ECF No. 24-1 (emphasis in original).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which includes an award of benefits for Plaintiff and his family. Plaintiff's counsel represents that the firm spent 29.9 hours of attorney and paralegal time representing Plaintiff in this matter, ultimately gaining a favorable decision in that the case was remanded to the Commissioner, who then awarded benefits to both Plaintiff and his family. (ECF No. 24-3 (time sheets accounting for 26.7 attorney hours and 3.2 paralegal hours spent representing Plaintiff before the district court).) There is no indication that a reduced award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

The Court finds Plaintiff's counsel's original request for attorney's fees in the amount of $20,382, which results in a blended hourly rate for attorney and paralegal time of $949, to be appropriate and reasonable. *See, e.g., Crawford*, 586 F.3d 1142, 1153 (9th Cir.2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *Thomas v. Colvin*, 2015 WL 1529331, at *2 (E.D. Cal. Apr. 3, 2015) (awarding 406(b) fees in the amount of $44,603 for 40.8 hours of attorney and paralegal time for an effective hourly rate of $1,093; *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

Further, the original request for a fees award of $20,382 is 25% of the $94,531 past due benefits awarded to Plaintiff and is not excessively large in relation to that award. *See generally Ortega v. Comm'r of Soc. Sec.,* 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting § 406(b) attorney fees in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting § 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of § 406(b) attorney fees in the amount of $34,500).

The Court finds Plaintiff's higher revised request for attorney's fees in the amount of $35,098 to be excessive and unreasonable. The revised request represents 25% of the past-due benefits awarded to Plaintiff's children, in addition to 25% of past-due benefits awarded to Plaintiff. This results in a blended hourly rate for attorney and paralegal time of $1,174, which the Court finds to be excessive. The Court recognizes that the children also recovered past due benefits but finds that basing attorney's fees only on past due benefits awarded to Plaintiff is reasonable. Moreover, the Court notes that Plaintiff's briefing before this Court did not address the children's entitlement to benefits.

In making the determination that $20,382 is reasonable, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and ultimately an award of substantial benefits to Plaintiff.

For the foregoing reasons, an award of attorney fees pursuant to § 406(b) in the amount of $ $20,382 is appropriate.

Finally, an award of § 406(b) fees must generally be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. As discussed above, Plaintiff was previously awarded $4,400 in fees pursuant to the EAJA. However, the EAJA fees were never received by Plaintiff's counsel because they were mistakenly paid directly to Plaintiff. Accordingly, the § 406(b) award will not be offset.

## III.  CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Accordingly, IT IS ORDERED:

1. Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) is GRANTED IN PART in the amount of $ $20,382;

2. There is no offset in this case for the $4,400 in EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) because Plaintiff, rather than Plaintiff's counsel, received and retained those fees; and

3. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff at the following address.

>   Nathan Alan Webb, Sr.
>   19663 Royal Lane
>   Lemoore, CA 93245

IT IS SO ORDERED.

Dated:  **August 20, 2020**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

7